UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-cr-86-NT |
| | ) | |
| DANIEL CARTER, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS INDICTMENT

The defendant, Daniel Carter, having been indicted on one count of possession of a firearm by a person subject to a protection from abuse order, 18 U.S.C. § 922(g)(8), Indictment (ECF No. 1), moves to dismiss the indictment on several grounds. I recommend that the court deny the motion.

### I. Factual Background

On November 14, 2010, two police officers from the Rockland, Maine Police Department, went to the house in which the defendant lived with his parents in response to a caller's report that a young teenage girl was being held there against her will by the defendant. The defendant eventually came down to the front door from his third-floor room to meet the officers and denied that the girl was present in the house. As an officer ascended to the third floor behind the defendant, and with the defendant's permission, he saw a shotgun under the defendant's bed. The girl, who was the subject of the protection order, was found hiding elsewhere on the third floor. The defendant admitted that the gun was his, and said that he used it for hunting.

## II. The Statute

The statute at issue provides, in relevant part:

It shall be unlawful for any person—

\* \* \*

(8) who is subject to a court order that—

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

\* \* \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(8).

The defendant contends that the protection from abuse order ("PFA") upon which the government relies in charging him with violation of this statute was invalid because no hearing took place before it was issued, the issuing state court made no factual findings sufficient to trigger the authority to issue an order that qualifies under the federal statute, and the issuing court "purposefully and deliberately" failed to include in the form order the paragraph that would have specifically prohibited the possession of a firearm. Motion to Dismiss the Indictment ("Motion")

2

(ECF No. 30) at 2.  In the alternative, he argues that the statute is unconstitutional under the Second and Fifth Amendments to the United States Constitution.  *Id*.

### III.  Discussion

#### A.  The Underlying State Court Order

The PFA order at issue here was issued by the Maine District Court in Rockland on April 24, 2009, ECF No. 40-1, in an action between the mother of the child at issue and the defendant. It indicates that the defendant had been given the opportunity for a full hearing, and that he and the mother of the child at issue had agreed to the order, "which is made without findings of abuse."  Order for Protection from Abuse ("Order") (ECF No. 40-1) at 1.  Boxes next to the two following sentences are checked on the form order:

> (A-1) The defendant is prohibited from threatening, assaulting, molesting, attacking, harassing or otherwise abusing the plaintiff and any minor child(ren) residing in the household.
> (A-2) The defendant is prohibited from the use, attempted use or threatened use of physical force that would reasonably be expected to cause bodily injury against the plaintiff or a minor child residing in the household.

*Id*.

Several other boxes indicating prohibitions are checked, but not the box next to "(F) The defendant is prohibited from possession of a firearm or other dangerous weapon."  *Id*.  At the end of the form is a handwritten paragraph signed by both parties and including the following: "[P]arties agree the Court can consider a motion to modify regarding [defendant]'s possession of a firearm for hunting purposes in October 2009."  *Id*. at 2.  Earlier orders in the same case have check marks in boxes next to terms prohibiting the defendant from possessing firearms. Temporary Order for Protection from Abuse and Notice of Hearing (ECF No. 40-1) at 1 [3] and

3

Order Prohibiting Possession and Requiring Relinquishment of Firearms and Weapons (ECF No. 40-1) at 1 [4].

The PFA Order also includes the following statement in bold-face capital letters: "**POSSESSION OF A FIREARM OR AMMUNITION WHILE THIS ORDER IS IN EFFECT MAY BE PROHIBITED UNDER FEDERAL AND/OR STATE LAW IF ANY ONE OR MORE OF THE FOLLOWING BOXES HAVE BEEN CHECKED: 4, A-1, A-2, OR F.**" Order at 1.

The defendant's first specific argument with respect to the PFA order is that the language of section 922(g)(8) requires that the order triggering its provision result from "an actual judicial proceeding, usually open to the public, held for the purpose of deciding issues of fact or law," and that, since the order in this case resulted from an agreement of the parties that obviated the need for a hearing, the order does not meet the federal statutory requirement. Motion at 7. He cites only *United States v. Spruill*, 292 F.3d 207 (5th Cir. 2002), in support of this argument. *Id*. He asserts that the process was "identical" in that Texas case to that present in Maine. *Id.* However, that is not the case.

In *Spruill*, the illiterate defendant, unrepresented in the state court from which the protective order issued, was not advised orally that he could not possess a weapon as a result of that order. 292 F.3d at 208. The court noted that the order had been issued before any notice of hearing had been issued, without a time or place for hearing having been set, and without any appearance before a judge. *Id*. at 216. The Fifth Circuit made clear a year later, in *United States v. Banks*, 339 F.3d 267 (5th Cir. 2003), that *Spruill* should be limited to its facts. The defendant in *Banks* was advised that a temporary *ex parte* protective order that explicitly prohibited him from possessing a firearm had been entered against him and that a hearing on the related

4

application for a protective order had been set for a specific date. *Id*. at 268. On that day, the defendant appeared in court and consented to an agreed protective order. *Id*. The Fifth Circuit held that the hearing requirement of section 922(g)(8) was met by these facts. *Id*. at 270.

Like Banks, the defendant here had actual notice of a scheduled hearing and an opportunity to participate. ECF No. 40-1 (Temporary Order at 1). He also knew, as of the same date, that he was prohibited from possessing firearms. *Id*. (Order Prohibiting Possession at 1). The *Banks* court specifically rejected the argument made by the defendant here, that an agreed order can never be the basis for prosecution under section 922(g)(8). 339 F.3d at 271 (citing *United States v. Wilson*, 159 F.3d 280, 289-90 (7th Cir. 1998)). *See also United States v. Young*, 458 F.3d 998, 1006-09 (9th Cir. 2006) (citing cases).

The defendant's first argument does not entitle him to dismissal of the indictment. The "hearing" requirement of section 922(g)(8) was met in this case.

The defendant next contends that the fact that the state court made no findings of fact invalidates the PFA order as a basis for the federal charge. Motion at 9. However, the statutory language does not require that the protective order have been issued only after such findings are made. *See generally United States v. Larson*, 843 F.Supp.2d 641, 648-49 (W.D. Va. 2012)(and cases cited therein).

The defendant's final challenge to the PFA order rests on the assertion that "the state court clearly adopted an agreement by the parties that did not include an express ban on the possession of firearms." Motion at 9. It is, in fact, far from clear that the parties in the state court proceeding did so. The handwritten language added at the bottom of the order to the effect that the court could consider a motion to modify the order "regarding [defendant]'s possession of a firearm for hunting purposes in October 2009," Order at 2, is inconsistent with a conscious

decision not to bar the defendant from possessing firearms at any other time. In fact, this language makes it very likely that the failure to check box F on the front side of the form was an oversight rather than deliberate.

That question makes no difference to the outcome of this argument, however, because section 922(g)(8) does not require that the underlying order include any such prohibition. The form order did inform the defendant that it might prohibit possession of a firearm under federal law.

### B.  The Constitutional Challenge

The defendant contends that section 922(g)(8) "operates to deprive him of his Second Amendment right to bear arms without due process of law." Motion at 9. He relies on *District of Columbia v. Heller*, 544 U.S. 570 (2008), to support this argument. He argues that strict scrutiny should apply to the statute because it infringes on his Second Amendment rights and, when strict scrutiny is applied, the government can show neither that the statute is as narrowly tailored as possible nor that it is necessary to serve a compelling state interest. *Id*. at 10.

Judge Hornby of this court has already determined that the section 922(g)(8) crime is not unconstitutional in the wake of *Heller,* finding that it both serves a compelling government interest and is narrowly tailored to that interest. *United States v. Knight*, 574 F.Supp.2d 224, 226 (D. Me. 2008). The defendant here proffers no convincing reason to depart from this conclusion, particularly when so many other courts have now ruled in the same manner. *United States v. Mahin*, 668 F.3d 119, 123-26 (4th Cir. 2012) (citing cases from five jurisdictions and referring to "the growing consensus" in holding convictions under section 922(g)(8) constitutionally sound). This is true whether strict scrutiny or the intermediate level of scrutiny, requiring a reasonable fit between the statute and a substantial government objective, is applied. *E.g., Mahin*, 668 F.3d at

124-26 (applying intermediate scrutiny); *United States v. Bena*, 664 F.3d 1180, 1184 (8th Cir. 2011) (discussing both levels of scrutiny).

The defendant also argues, without citation to authority, that section 922(g)(8) violates the Tenth Amendment by "burden[ing] a state's civil process" and thereby "tread[ing] on the powers that have been reserved expressly to the states under the Tenth Amendment." Motion at 14. As the government points out, Government's Objection to Defendant Daniel Carter's Motion to Dismiss the Indictment (ECF No. 49) at 20, the First Circuit rejected this argument in 1999, *United States v. Meade*, 175 F.3d 215, 224-25 (1st Cir. 1999), and reiterated its position in *United States v. Coccia*, 446 F.3d 233, 243-44 (1st Cir. 2006). This precedent is binding on this court.

Finally, the defendant contends that section 922(g)(8) is unconstitutional as applied to him "because of vagueness." Motion at 13. Specifically, he asserts that "[t]he failure of the [PFA] order to specifically prohibit firearm possession, when it could so clearly otherwise provide, unconstitutionally fails to provide adequate notice that possession of a firearm is illegal, if in fact it is." *Id*. If the defendant means to attack the federal statute on this basis, such a challenge has been uniformly rejected by the federal courts. *See, e.g., Coccia*, 446 F.3d at 243; *United States v. Miller*, 646 F.3d 1128, 1133 n.6 (8th Cir. 2011) (citing cases from the 9th, 10th, 6th, 1st, 4th, and 7th Circuit Courts of Appeal).

If the defendant means instead to argue that the underlying PFA order violated his due process rights, he may not collaterally attack the underlying order in the context of a section 922(g)(8) prosecution. *United States v. Reese*, 627 F.3d 792, 804-05 (10th Cir. 2010) (collecting cases).

In his reply memorandum, the defendant argues that the use of the word "may" in the bold capitalized portion of the PFA Order makes inadequate whatever notice it may provide that the defendant may not possess firearms under federal law as a result of some portions of the state form. Defendant's Reply to Government's Response in Opposition to Motion to Dismiss (ECF No. 50) at 1-2. Section 922(g)(8) by its terms does not require the underlying protective order to notify a defendant that section 922(g)(8) may deprive him of the right to possess firearms as a result of the issuance of the protective order. Again, whether this argument means to attack the PFA order itself or the fact that section 922(g)(8) imposes no such requirement, it fails. It is not necessary under these circumstances to construe the possible meanings of the word "may" in the Maine PFA form.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss the indictment be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge